IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENNIS B. PILLING, JR.                                                                    PLAINTIFF

V.                              Civil No. 2:24-cv-02101-TLB-MEF

LELAND DUDEK, Acting Commissioner,[1]
Social Security Administration                                                             DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Dennis Pilling, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") and adult disabled child ("ADC") benefits under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff filed his applications for DIB and ADC on February 24, 2021, and March 3, 2021, respectively, alleging disability since July 6, 2013, due to hypermobility; issues with his feet, ankles, and hands; joint pain, popping, swelling, and dislocation; limb and blood stasis; depression; suicidal thoughts, and additional "serious medical issues not yet diagnosed." (ECF No. 7, pp. 101, 138, 166, 339-355, 386, 419-420, 437).  An administrative hearing was held on June 8, 2023. (*Id.* at 51-99).  The Plaintiff was both present and represented by counsel.

---

[1] Leland Dudek was named Acting Commissioner of the Social Security Administration on February 18, 2025, and in his official capacity is substituted as defendant.  *See* Fed. R. Civ. P. 25(d).

Plaintiff was 18 years old on his alleged onset date and possessed a high school education. (ECF No. 7, pp. 26, 40, 100, 138, 387). He attained the age of 22 on July 6, 2013. Plaintiff has no past relevant work ("PRW") experience. (*Id*. at 40, 412-418).

On April 2, 2024, Administrative Law Judge ("ALJ") Glenn Neel determined that the Plaintiff met insured status requirements through June 30, 2021. (ECF No. 7, p. 26). The ALJ then identified RYR1 mutation myopathy, Ehlers-Danlos syndrome/localized joint hypermobility spectrum disorder, mild degenerative disc disease of the lumbar spine, gouty arthropathy, obesity, varicose veins, tenosynovitis of the right foot, chronic pain syndrome, a history of right shoulder surgery, adjustment disorder with mixed anxiety and depressed mood, major depressive disorder, generalized anxiety disorder, and generalized social phobia as severe impairments, but concluded the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 27). Despite his impairments, ALJ Neel found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he could occasionally climb, balance, stoop, kneel, crouch, crawl, and reach/work overhead bilaterally, and must avoid concentrated exposure to hazards (i.e., no work at unprotected heights, no work around dangerous unprotected moving machinery, and no driving as part of work). He could understand, remember, and carry out simple instructions, could use judgment to make simple work-related decisions, could have occasional interactions with supervisors, coworkers, and the public, and could deal with occasional changes in a routine work setting. (*Id*. at 30). With the assistance of a Vocational Expert ("VE"), ALJ Neel determined Plaintiff could perform work as an assembler, cleaner, and router. (*Id*. at 40-41).

The Appeals Council denied Plaintiff's request for review on June 14, 2024. (ECF No. 7, pp. 8-13). Plaintiff subsequently filed this action on July 31, 2024. (ECF No. 2). Both parties have filed appeal briefs (ECF Nos. 9, 11), and the matter is ready for Report and Recommendation.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in the light of his RFC if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

To qualify for child benefits as a disabled adult, the claimant must be "18 years old or older and have a disability that began before he attained 22 years of age. 20 C.F.R. § 404.350(a)(5).

### III.   Discussion

Plaintiff raises the following issues on appeal: (1) whether the ALJ erred in failing to fully and fairly develop the record; (2) whether the ALJ erred in his RFC determination; and (3) whether the ALJ failed to properly resolve a direct conflict between his RFC assessment, the VE's testimony, and the DOT. (ECF No. 9).

Of particular concern to the undersigned are the ALJ's findings at Step Five. At the administrative hearing, the ALJ presented the hypothetical of a person of Plaintiff's age, education, and work experience who could perform light work with the same limitations later found in the RFC determination, including occasional overhead work and overhead reaching. (ECF No. 7, p. 91). In response, the Vocational Expert ("VE") testified that the Plaintiff could perform work as

an assembler, cleaner, and router, the same jobs the ALJ found Plaintiff could perform at Step Five of his decision. (*Id*. at 40, 91-92). Because the DOT does not address overhead reaching and overheard work, the expert stated that he based his opinion that the Plaintiff could still perform these jobs despite the DOT requirement of frequent reaching on his own "observation, experience, knowledge, and education." (*Id*. at 96). He did not, however, provide further elaboration.

In his opinion, the ALJ made the following findings:

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles except potentially with regard to the overhead reaching/work limitation. However, there is a reasonable explanation for the discrepancy. The Dictionary of Occupational Titles does not differentiate between overhead reaching versus reaching in all directions and the jobs identified by the vocational expert require frequent reaching. The vocational expert testified, however, that an individual with the overhead reaching limitation in the residual functional capacity could nevertheless perform the jobs identified. The vocational expert is a highly skilled and qualified individual, as demonstrated by their resume, on file as Exhibit 19E, was selected according to the Administration's law, regulations, and policies directing the selection of vocational experts for individual hearings, is fully qualified to render expert opinions in this case and relied on a combination of their own professional experience, observations knowledge and education in testifying that the light jobs identified above can be performed by someone who can perform only occasional overhead reaching/work. (ECF No. 7, p. 41).

For an ALJ to rely on a VE's testimony that appears to conflict with a Dictionary listing, the ALJ must identify and resolve the conflict. *Stanton v. Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018). Otherwise, the VE's testimony does not constitute substantial evidence to support a denial of benefits. *Id*. The VE must provide sufficient explanation for his testimony, not simply a statement that he based his answer on his experience. *See Alberda v. Soc. Sec. Admin.*, 2021 WL 4239500, *3 (E.D. Ark., September 17, 2021) (wherein the ALJ restricted Plaintiff to no more than occasional overhead reaching, and VE testimony that he relied on his experience to resolve the conflict was insufficient); *Manuel v. Saul*, 2020 WL 6200186, *2 (E.D. Ark., Oct. 22, 2020) (wherein Plaintiff was limited to occasional overhead reaching and VE testimony that he relied on

his past experience with these and similar jobs was an insufficient basis for resolving the conflict); *Stanton*, 899 F.3d at 560 (wherein ALJ addressed a question of potential conflict between the reasoning levels of the job, finding VE's). "[T]he expert's statement that his opinion was 'consistent with the DOT and [his] experience' was not a sufficient explanation, because it did not address whether or why the expert's experience provided a basis to overcome an apparent conflict with the Dictionary." *Stanton*, 899 F.3d at 560. While the VE may very well have had knowledge about the requirements of specific jobs and their requirements from his experience, he did not say so and further elaboration was required. *Id.*

The Commissioner argues that whether "the VE's explanations were based upon insufficient personal experience and unreliable scholarly literature ... were fact issues for the ALJ to resolve," citing *Gieseke v. Colvin*, 770 F.3d 1186, 1189 (8th Cir. 2014). (ECF No. 14). However, because the VE failed to explain the specific experience and/or scholarly literature he relied on, we must remand this case to the ALJ for further consideration. The ALJ's finding that the VE is a "highly skilled and qualified individual" who was "selected according to the Administration's law, regulations, and policies directing the selection of vocational experts for individual hearings" does not constitute a sufficient basis for resolving the conflict, as this statement could be made for any of the VE's employed by the Administration. The finding still lacks the required specificity.

### IV.     Conclusion

Based on the foregoing, it is RECOMMENDED that the Commissioner's decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE